In the Matter of MICHAEL J. PROSPERO, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 2, 1978

## APPEARANCES OF COUNSEL

*David E. Brennan* for petitioner.

*Gordon Gannon, Jr.,* for respondent.

## OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to the Bar in this Department on March 9, 1960. The petition of the Grievance Committee

instituting this disciplinary proceeding charges him with violations of Canons of the Code of Professional Responsibility in connection with three separate matters. Although respondent's answer raised issues of fact which resulted in this court's order of reference, on his initial appearance before the Referee he admitted the petition's factual allegations. Thereafter respondent and two other witnesses testified in an effort to mitigate the consequences of his conduct.

The petition charges that in December, 1970 respondent executed and delivered to Timothy McDonald a check in the amount of $1,500, dated March 3, 1971, drawn on respondent's closed trustee account with Liberty National Bank and Trust Company. Respondent knew that the account was closed and that the check was worthless. He testified before a staff attorney of the Grievance Committee that it was not intended that the check would be negotiated. He contends that it was without consideration and was drawn as an accommodation to the payee who was at the time in need of proof of a future asset in order to satisfy a third person to whom he was indebted. Thus, it was intended to be used to mislead the third person. On March 3, 1971 McDonald cashed the check at an office of the Manufacturers and Traders Trust Company. When the check was dishonored, the Manufacturers and Traders Trust Company obtained a default judgment against respondent and McDonald. Although it appears that respondent has made some payment on the indebtedness, the judgment remains unsatisfied.

The second specification relates to respondent's representation of one Beatrice Mack in a divorce action. Mrs. Mack retained the respondent in January, 1972 and she was granted a divorce in February, 1973. From that time until August, 1976 Mrs. Mack made repeated efforts to obtain a copy of the divorce decree. She telephoned respondent approximately 12 times and she communicated with both the Genesee County Bar Association and the New York State Bar Association. Though respondent promised on several occasions to deliver the decree to Mrs. Mack, he did not do so. In March, 1976 Mrs. Mack retained another attorney who, after several demands, finally procured her file from the respondent and delivered to her a copy of the decree.

The third specification relates to respondent's representation of one Mark Melick in connection with criminal charges which had been filed against Melick in September, 1975 on

the complaint of one Thomas Murray. In settlement of a civil claim which arose from the alleged criminal conduct, it was agreed that Melick was to pay $750 to Murray and that they were to exchange general releases. A bank draft in that sum, dated April 15, 1976 and payable to Melick, was indorsed by him to the order of respondent who was to hold the money in escrow pending receipt of a general release from Murray. Respondent, who had not maintained an escrow account for at least seven years, cashed the check and retained the proceeds. While the record is unclear as to when Murray's release was received, the criminal case was disposed of on June 15, 1976 when Melick entered a plea of guilty to reduced charges. On December 20, 1976, following Melick's complaint to the Monroe County Bar Association, respondent delivered a check in the sum of $750 to Murray's attorney.

We conclude, therefore, that respondent engaged in conduct involving deceit and misrepresentation, in violation of DR 1-102 (A)(4) by his issuance of a worthless check to Timothy McDonald; by his failure to furnish Beatrice Mack with a copy of her divorce decree despite his many promises that he would do so; and by his prolonged retention of $750 in the Melick matter. The same conduct adversely reflects on his fitness to practice law, in violation of DR 1-102 (A)(6). Additionally, respondent violated the rules of this Department (22 NYCRR 1022.5 [a]) by failing to establish and maintain a separate trust or escrow account for the deposit of clients' funds. Moreover, he neglected legal matters which were entrusted to him, in violation of DR 6-101 (A)(3), and his commingling of the Melick funds and failure promptly to pay them to the designated recipient constitute a violation of DR 9-102. Finally, the Referee's finding that respondent made misleading and inconsistent statements to the Grievance Committee during the course of its investigation is amply supported.

Accordingly, respondent should be suspended from the practice of law for a period of two years and until the further order of this court.

MARSH, P. J., CARDAMONE, SIMONS, HANCOCK, JR., and WITMER, JJ., concur.

Order of suspension entered.